IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| TAWNYA M. FULTS,<br><br>        Plaintiff,<br>vs.<br><br>CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>        Defendant. | No. 15 cv 86 EJM<br><br>ORDER |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for social security disability income benefits. Briefing concluded May 11, 2016. The court has jurisdiction pursuant to 42 USC §405(g). Affirmed.

Plaintiff asserts the Administrative Law Judge (ALJ) (1) failed to properly evaluate the opinion of treating neurologist Dr. Andrew Peterson, (2) determined a residual functional capacity (RFC) which was not supported by substantial medical evidence, (3) and failed to properly evaluate her subjective allegations. Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992.)

Plaintiff is a 35-year-old woman with a high school education and some college. She filed an application for disability benefits alleging cervical stenosis, fibromyalgia, and especially migraine headaches. The ALJ found that plaintiff had the RFC to perform sedentary work, with limitations. Relying on vocational expert (VE) testimony, the ALJ found that plaintiff could perform such jobs as document preparer, addressor, or ticket counter.

Plaintiff first argues that the ALJ failed to give proper weight to the medical opinion of treating neurologist Andrew Peterson, M.D. In particular, plaintiff asserts the ALJ did not properly consider the May 2013 questionnaire Dr. Peterson completed at the request of plaintiff's attorney.

Dr. Peterson's answers to this questionnaire are based solely on plaintiff's subjective statements rather than objective evidence, since no symptoms were observed during office visits, and there is no objective finding or test result of them in the record. Dr. Peterson did not attempt to support the questionnaire. When a physician does not link the conclusions in his opinion to any testing or analysis, the opinion is entitled to little or no weight. See 20 C.F.R. § 404.1527(c)(3); Edwards v. Barnhart, 314 F.3d 964, 967 (8th Cir. 2003); Haggard v. Apfel, 175 F.3d 591, 595 (8th Cir. 1999). Unexplained checklist opinions are of limited value. See Wildman v. Astrue, 596 F.3d 959, 964 (8th Cir. 2010).

When plaintiff saw Dr. Peterson in December 2012, she had subjective complaints of disabling pain, but her functioning remained good (Tr. 465). Plaintiff was alert, fully oriented, in no acute distress, and she had normal musculoskeletal, neurological, and cerebellum functioning (Tr. 464-465). On March 26, 2013, plaintiff told Dr. Peterson her migraines were not as bad after a Kanecki cocktail treatment, and she simply avoided

triggers like bright lights (Tr. 484). As noted, the ALJ's RFC restricted plaintiff from jobs involving bright lights and many other triggers (Tr. 16). At the April 29, 2013 visit with Dr. Peterson, the last visit before he completed the questionnaire at the request of plaintiff's counsel, plaintiff did not have a migraine headache; she complained of a simple postural headache (Tr. 483). The medical findings showed plaintiff was alert, fully oriented, in no acute distress, and she had normal musculoskeletal, neurological, and cerebellum functioning (Tr. 482).

The ALJ considered Dr. Peterson's questionnaire and found that most of the limitations were inconsistent with the objective medical evidence. The clinical findings through early 2012 indicate plaintiff was alert, in no acute distress, fully oriented, her head was norm cephalic (no abnormalities), and she had no motor weakness, a full range of motion of her extremities, normal deep tendon reflexes, negative straight leg raises, and full range of active motion (Tr. 271, 315, 320, 322, 323, 329, 500-501, 504, 508). The physical therapy notes also indicate good functional abilities, and plaintiff was "very busy" volunteering, homeschooling her children, and caring for her family of 3 children, age 7 years and younger, in addition to 2 stepsons every other weekend (Tr. 292-293). Such activities are inconsistent with her allegations of disabling headaches. Toland v. Colvin, 761 F.3d 931, 936 (8th Cir. 2014). In her April 2012 application material, plaintiff did not even list migraine headaches as a basis for disability (Tr. 188, 206, 215). Box v. Shalala, 52 F.3d 168, 171 (8th Cir. 1995). There was also evidence that medication was helpful in controlling her migraine headaches (Tr. 18). The ALJ may discount any opinion that is inconsistent with the record as a whole. Travis v. Astrue, 477 F.3d 1037, 1040 (8th Cir. 2006); Hacker, 459 F.3d at 937; 20 C.F.R. § 404.1527(d)(2).

Dr. Peterson's conclusory disability opinion was directly contradicted by the expert opinion of Dr. Goedken, who, unlike Dr. Peterson, did extensive testing and documented his treatment in the record. In May 2012, plaintiff returned to Mark Goedken, M.D., and requested that he help her obtain disability benefits because she needed extra money (Tr. 318). She told Dr. Goedken she had daily headaches and disabling fibromyalgia pain (Tr. 318). Dr. Goedken opined that plaintiff was not disabled and he would help her return to the workforce instead (Tr. 318). Plaintiff's neurological functioning was unremarkable at an examination on October 2, 2012 (Tr. 432). Dr. Goedken reported there were no identified cause for plaintiff's pain complaints, he noted plaintiff was inconsistent with her presentation to him over the previous year, and she was discharged from physical therapy because she was "very noncompliant with physical therapy visits" (Tr. 432). Dr. Goedken, who had been treating plaintiff for longer than Dr. Peterson, again opined that plaintiff was not disabled from all work (Tr. 433).

The ALJ properly discounted Dr. Peterson's questionnaire as contrary to the doctor's own notes and the record as a whole. Travis, 477 F.3d at 1040; Hacker, 459 F.3d at 937; 20 C.F.R. § 404.1527(d)(2). The ALJ expressly considered the entire record and considered the opinion evidence in accordance with the applicable regulations and rulings. There is no reason for the Court to assume otherwise. See Wildman, 596 F.3d at 966; Wall v. Astrue, 561 F.3d 1048, 1070 (10th Cir. 2009).

After considering Dr. Peterson's records and the record as a whole, the ALJ nonetheless accounted for plaintiff's migraine complaints in his RFC when he limited plaintiff to sedentary jobs where she could avoid the activities she primarily complained about, such as bright lights, noise, repeated movements, temperature extremes, various

4

environments, and interaction with others (Tr. 16). The determination of RFC is an administrative assessment the ALJ determines upon consideration of all evidence in the record, and not any one doctor opinion. It is entitled to significant deference. *See* 20 C.F.R. § 404.1527(e)(2); SSR 96-5p, 1996 WL 374183, at *5; SSR 96-8p, 1996 WL 374184, at *2; Cox v. Astrue, 495 F.3d 614, 619 (8th Cir. 2007) (ALJ's RFC is not limited to medical evidence exclusively); Brown v. Barnhart, 390 F.3d 535, 540 (8th Cir. 2004) (a treating physician's opinion "does not automatically control or obviate the need to evaluate the record as whole.")

Regarding plaintiff's second argument, that the ALJ's RFC determination is not supported by sufficient medical evidence, the record contains opinions from treating and examining doctors, such as Dr. Goedken, see above, and Laura Bentley, M.D., which the ALJ considered and to which he assigned appropriate weight. Also, as shown in the parties' Joint Statement of Facts (JSOF), the record contains medical records from plaintiff's various treating and examining doctors. *See* JSOF, §§ II.A. and II.B., Court Doc. # 12, pages 4-17. This is not a case where there was no medical opinion or evidence from an examining or treating doctor. The ALJ considered the multiple medical opinions and weighed them with the record as a whole (Tr. 18). *Contra*, Nevland v. Apfel, 204 F.3d 853, 858 (8th Cir. 2000).

Regarding plaintiff's third and final argument, that the ALJ improperly evaluated her subjective allegations of pain, the ALJ found that plaintiff's subjective statements were not entirely credible. Credibility questions concerning a plaintiff's subjective testimony are "primarily for the ALJ to decide, not the courts." Moore, 572 F.3d at 524 (quoting Holmstrom v. Massanari, 270 F.3d 715, 721 (8th Cir. 2001)

(internal quotation marks omitted)). The ALJ found plaintiff not fully credible based on the expert opinions of other doctors, her work history, her daily activities and treatment record, including her own statements. This is supported by the record.

Based on the record, it is the court's view that the Commissioner's decision is supported by substantial evidence.

It is therefore

ORDERED

Affirmed.

May 24, 2016

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT